# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **BARRY BENNET RAMEY,** | : | 18 U.S.C. § 1752(a)(1), (2), (4), and (b)(1)(A) |
| | : | **(Restricted Building or Grounds)** |
| Defendant. | : | |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | **(Physical Violence)** |
| | : | |
| | : | 18 U.S.C. 111(a)(1) and 111(b) |
| | : | **(Assaulting Officers with Weapon)** |
| | : | |
| | : | 18 U.S.C. 231(a)(3) |
| | : | **(Obstruction of Law Enforcement)** |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Barry Bennet Ramey willfully and knowingly entered, remained, and engaged in acts of physical violence on restricted grounds with a deadly or dangerous weapon on January 6, 2021 without legal authority, participated in violent and disorderly conduct on Capitol Grounds, assaulted, resisted, or impeded certain officers with a deadly or dangerous weapon, and obstructed law enforcement during civil

disorder in violation of 18 U.S.C. § 1752(a)(1), (2), (4) and (b)(1)(A); 40 U.S.C. § 5104(e)(2)(F); 18 U.S.C. 111(a)(1) and 111(b); and 18 U.S.C. 231(a)(3).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrants are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order,

means that the defendants are charged with a crime, and the Government intends to arrest them. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrants.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrants, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:   /s/ *Kathryn E. Fifield*
        Kathryn E. Fifield
        Trial Attorney
        Detailed to the U.S. Attorney's Office
        555 4th St. NW
        Washington, D.C. 20530
        Kathryn.fifield@usdoj.gov
        202-320-0048 (cell)